IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY GRAYSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>OCTAPHARMA PLASMA, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br>CV-12-<br>JURY DEMAND |

# COMPLAINT

## I.  JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination and retaliation in employment.

2. The plaintiff is filing her race discrimination and retaliation lawsuit within four years of her discriminatory termination on August 5, 2010.

## II. PARTIES

3. Plaintiff, Shirley M. Grayson, is a female African/Asian-American citizen of the United States and a resident of the State of Alabama. The plaintiff was employed by the defendant at its Birmingham, Jefferson County, Alabama location at all times relevant to this lawsuit.

4. Defendant, Octapharma Plasma, Inc., is an entity subject to suit under 42 U.S.C. §1981. The defendant employs at least fifteen (15) persons.

## III. FACTUAL ALLEGATIONS

5. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6. The plaintiff has been discriminated against in discipline, termination and other adverse terms and conditions of employment because of her race and in retaliation for making complaints or race discrimination.

7. The plaintiff was hired by the defendant on August 11, 2009 as a Medical Screener.

8. In January 2010, the plaintiff was given a final written disciplinary warning for attendance, which the plaintiff protested.

9. In June 2010, a white employee accused an African-American

supervisor of sabotaging her work products. Plaintiff Grayson was in the meeting with her supervisor and management pertaining to the accusations of the white employee and complained that the white employee was being held to a lesser job performance standard than African-American employees.

10. On July 27, 2010, the plaintiff was granted permission to leave early by her white supervisor, Dawn Jenkins. Thereafter, on July 30, 2010, the plaintiff was given another final warning by her supervisor. This written warning covered occasions where the plaintiff left with permission from her supervisor.

11. On July 30, 2010, the white employee, who plaintiff had complained was held to a lesser standard, was late for work. The plaintiff informed management of the white employee's tardy. The plaintiff does not believe the white employee was disciplined and actually was given a raise 30 days later.

12. On August 4, 2010, Plaintiff visited the EEOC and signed her Charge of Discrimination. Prior to August 5, 2010, Plaintiff told her co-worker Jimmy Grady that she had been to the EEOC with the intention of filing a Charge of Discrimination. Prior to August 5, 2010, Grady told the

supervisor, Dawn Jenkins, that plaintiff was going to the EEOC to file a charge of discrimination.

13. The plaintiff was terminated on August 5, 2010, by Dawn Jensins for allegedly violating a processing policy. Plaintiff had completed that procedure in accordance with the instructions from Jenkins.

14. The defendant's proffered reasons for termination were pretext for race discrimination and retaliation for plaintiff's complaint of discrimination.

15. During plaintiff's employment, she was subjected to harassment, intimidation and denied a raise because of her race. Similarly situate white employees were not treated in the same manner.

16. The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §1981.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §1981.

3. Enter an order requiring the defendant to make the plaintiff whole by awarding her the position she would have had occupied in the absence of race discrimination and retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/Kevin W. Jent
Gregory O. Wiggins
Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ Kevin W. Jent
Kevin W. Jent

**DEFENDANT'S ADDRESS:**

Serve via Certified Mail:

Octapharma Plasma, Inc.
222 Gadsden Highway
Birmingham, Alabama 35215